Vincent W. Davis, Esq. (SBN 125399)
Rovee Vanderbilt Pruna, Esq. (SBN 295708)
Law Offices of Vincent W. Davis & Associates
150 North Santa Anita Avenue, Suite 200
Arcadia, California 91006
Telephone: (626) 446-6442
Facsimile: (626) 446-6454
Email: rovee@vincentwdavis.com

Attorneys for Plaintiff
TORE ANDERSEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| TORE ANDERSEN,<br><br>    Plaintiff<br><br>vs.<br><br>COUNTY OF RIVERSIDE; PALM SPRINGS POLICE DEPARTMENT; RIVERSIDE DEPARTMENT OF PUBLIC SOCIAL SERVICES, CHILDREN'S SERVICES DIVISION; KOUMAY YANG, SHERI BOYD; and DOES 1 through 10 Inclusive,<br><br>    Defendants. | Case No.:  5:15-cv-01053<br><br>**PLAINTIFF TORE ANDERSEN'S COMPLAINT**<br><br>1. Violation of Civil Rights Under 42 U.S.C. 1983, 14th Amendment – Initial and Continued Detention Against Defendants COR/CSD, KOUMAY, and SHERI<br><br>2. Violation of Civil Rights Under 42 U.S.C. 1983 14th Amendment – Initial and Continued Detention Against Defendant COR/PSPD<br><br>3. 1st Amendment – Interference with Familial Relations - Against Defendants COR/CSD, KOUMAY, and SHERI<br><br>4. 5th and 14th Amendment – Violation of Procedural and Substantive Due Process - Against Defendant COR/PSPD<br><br>5. 5th and 14th Amendment – Violation of Procedural and Substantive Due Process - Against Defendants COR/CSD, KOUMAY, and SHERI |

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

6.  Violation of Civil Rights Under 42 U.S.C. 21 - Gender Discrimination - Against Defendant COR/PSPD

7.  Violation of Civil Rights Under 42 U.S.C. 21 - Gender Discrimination - Against Defendants COR/CSD, KOUMAY, and SHERI

8.  Violation of Civil Rights Under 42 U.S.C. 1983- Monell Claim - Against Defendant COR/CSD

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff TORE ANDERSEN hereby alleges as follows:

## I.   PREFATORY, JURISDICTION AND VENUE

1.   This is an action for damages for violations of Plaintiff's federal civil rights, pursuant to 42 U.S.C. § 1983 including violations of the 1st, 4th, and 14th Amendments of the United States Constitution and the Civil Rights Act of 1991 and 1964, as amended, 42 U.S.C. § 2000e-3; 42 U.S.C §2000e-16 *et. seq.*

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1343 (3) and 1343 (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred by 28 U.S.C. § 1331(a) because claims for relief derive from the United States Constitution and the laws of the United States.

3.   Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and many of the acts and omissions alleged herein took place in Riverside County.

## II.   PARTIES

5.   At all relevant times herein, Plaintiff TORE ANDERSEN was and is an adult and resident of the County of Riverside, State of California.

/ / /

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

6.     Defendant COUNTY OF RIVERSIDE ("COR") is a duly enacted municipality operating under California state law, of which (1) Defendant DEPARTMENT OF PUBLIC SOCIAL SERVICES, CHILDREN'S SERVICES DIVISION, ("COR/CSD") and (2) Defendant PALM SPRINGS POLICE DEPARTMENT (collectively hereafter, "COR/PSPD") are operating Departments, Agencies and/or Offices of COR.

7.     Defendant COR/CSD is a public Child Protective Service agency of COR that is designated to administer laws and programs relating to protective services for children, foster care, and adoptions.   COR/CSD operates under the policy direction of the Riverside County Board of Supervisors and the California Departments of Social Services and Health Services.

8.     At all relevant times, Defendant KOUMAY YANG ("Koumay") was an officer, agent, and/or an employee of COR/CSD, specifically as a Child Services Worker charged with servicing juvenile dependency cases.   Koumay is sued in both her individual and official capacities.

9.     At all relevant times, Defendant SHERI BOYD ("Sheri") was an officer, agent, and/or an employee of COR/CSD, specifically as a Child Services Worker charged with servicing juvenile dependency cases.  Sheri is sued in both her individual and official capacities.

10.    Defendants, Does 1- 10, and others not presently known to Plaintiff, were at all times material to this complaint, duly employees of COR/CSD. At all times material to this complaint, these Defendants acted towards Plaintiff under color of statutes, ordinances, custom and usage of the State of California and County of Riverside.

11.    Defendant COR/PSPD is a local public entity, situated in the County of Riverside, City of Palm Springs, and organized under the laws of the State of California, and County of Riverside.  Plaintiff is informed and believes that at all times relevant hereto, Palm Springs Police Department is responsible for the acts of its employees committed during the course and scope of their employment pursuant to Government Code § 815.2.

/ / /

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

12.    Police Officers Doe Defendants 1-10, and others not presently known to the Plaintiff, were at all times material to this Complaint, duly appointed police officers of the City of Palm Springs.  At all times material to this Complaint, these Defendants Palm Springs Police Department and Doe Defendants 1-10 acted towards Plaintiff under color of statutes, ordinances, custom, and usage of the State of California, City of Palm Springs, and the Palm Springs Police Department.

13.    Plaintiff is informed and believes and therefore alleges that at all times relevant thereto, Defendant police officers are responsible for the acts committed individually and personally during the course and scope of their employment pursuant to Government Code § 815.2.

14.    As the employer of police officers, social workers, investigators and their supervisors, COR/PSPD and COR/CSD have the primary responsibility for the training, discipline, and supervision of such employees, including supervisors of such employees, and Plaintiff is informed and believes and thereon alleges that it was COR/PSPD and COR/CSD which promulgated, encouraged, administered, and/or permitted the policies, practices, customs and procedures under which the individual Defendant employees of COR/PSPD and COR/CSD committed the acts or omissions complained of herein.

15.    Plaintiff is informed and believes and alleges thereon that except as otherwise alleged herein, each of the Defendants employed by COR/PSPD and COR/CSD are and, at all relevant times, were the agents, employers, alter egos and/or co-conspirators of each of the other COR/PSPD and COR/CSD employee Defendants named herein and, in doing the things alleged herein, were acting within the course and scope of such positions at the direction of and/or with the permission, knowledge, consent and/or ratification of each of the other Defendants.  Among other things, Plaintiff is informed and believes and alleges thereon that Defendants conspired with and aided and abetted each other in the events herein described.

16.    Defendants individually and collectively did knowingly and willingly, conspire with each other to deprive Plaintiff of his federal rights, liberties, and interests.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

17.     Plaintiff sues all individual Defendants in both their official and individual capacities.

18.     Defendants Koumay, Sheri, and Defendants Does 1-10 employed by COR/PSPD and COR/CSD are individuals who were acting under color of law in conducting an investigation pursuant to California law, including as to proceedings described in Government Code § 820.21(a) and mandatory duties under the California Welfare and Institutions Code, including: § 290.1; § 300; § 305; § 306; § 307 ; §307.4; § 308; § 309; § 311; § 319; § 332 and § 827.

19.     These statutes embody federal due process including requirements for dependency cases and federal constitutional rights under the 1st, 4th, and 14th Amendments.

## III.        COMMON ALLEGATIONS

20.     At all times relevant hereto, Plaintiff TORE ANDERSEN and Maria Moreno ("Maria") have been married since July 11, 2011.  However, Plaintiff and Maria are in the process of divorcing.

21.     Since at least 2013, Maria suffers from and had been diagnosed with "Adjustment Disorder with Depressed mood".  Plaintiff also believes that her disorder is a factor in causing Maria to engage in violent outbursts.  Plaintiff knew about Maria's disorder and did everything he could to love and accommodate for her during and throughout their marriage.

22.     Plaintiff and Maria share a daughter named Mileena Andersen ("Mileena"), who was approximately two (2) years old at all times relevant hereto.  Maria has a son from a previous marriage, Damion Vasquez ("Damion"), who was approximately fifteen (15) years old at all times relevant hereto.

23.     On May 28, 2013, Plaintiff and Maria got into a heated argument in the kitchen of their home in Palm Springs, California in which Maria became outraged and instigated a physical altercation by striking Plaintiff with fists, slaps, kicks, and objects from the home.  Plaintiff fought Maria back in self-defense.  Their altercation came to a point in which Maria picked up a barstool, and swung said barstool in Plaintiff's direction in a dangerous manner with the intent to cause Plaintiff physical harm and pain.  However, Maria was swinging the barstool dangerously

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

close to their daughter, Mileena, who was eighteen (18) months old at the time and sitting in her highchair eating spaghetti.  In order to protect their daughter, Plaintiff grabbed the barstool away from Maria's hands and pushed her to the ground, keeping Mileena away from danger.  Maria then got up, continued to throw punches and kicks at Plaintiff, and simultaneously called her son, Damion, who was in his room at the start of the altercation, to come and help her attack Plaintiff. Damion exited his room and joined the altercation between Maria and Plaintiff by punching Plaintiff repeatedly in the face.  Plaintiff did not fight back against Damion.  Plaintiff was eventually able to hold both Maria and Damion back until all parties began to cool down.  When the fight stopped, Plaintiff checked on Mileena, who had spaghetti spilled all over herself, and took Mileena for a bath.  Approximately ten (10) minutes later, police officers of the Defendant COR/PSPD arrived at their house.

24.     The police interviewed Maria, Damion, and Plaintiff individually, and each party told their version of the altercation.  Transcripts and the police's voice recordings of the interviews all reveal that each party gave differing stories.  Maria conveyed to the police that that Plaintiff had thrown her to the ground for no reason, stomped on her face, and continued to hit her.  Damion told the police that Plaintiff was holding Maria when he came out of his room, and that Plaintiff then hit him.  Damion also told the police that he had taken Mileena to his room after the altercation.  Transcripts of Maria's statement and Damion's oral statements did not match up.

25.     Meanwhile, Plaintiff correctly reported to the police that Maria had instigated the fight, admitted that he did hit Maria back in self-defense, and that he did not hit Damion back despite being pummeled with punches by him.

26.     At the end of the interviews, the police arrested and detained Plaintiff. The police sent Plaintiff to jail on two counts: (1) Penal Code 273.5, Infliction of Corporal Injury on a Spouse/Cohabitant, and (2) Penal Code 273a(b), Cruelty to Child by Inflicting Injury.

27.     The police then prepared a police report, which was shockingly and overwhelmingly more aligned with Maria's testimony than Plaintiff's.  The police did not

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

provide an accurate police report of the altercation, left about half of Plaintiff's statements out of the report, and went so far as to fabricate facts into their report that did not comport with what the parties told them in order to justify their arrest of Plaintiff. For example, the police actively omitted crucial pieces of testimony from their report, such as the fact that Maria picked up the barstool in an effort to cause physical harm upon Plaintiff.

28. It became clear to Plaintiff that the police were not acting objectively and chose to side with Maria and her son, Damion, to Plaintiff's detriment. It is Plaintiff's belief that the police gave greater deference to Maria over Plaintiff because of Plaintiff's gender (male) as opposed to Maria's (female).

29. On May 29, 2013, Palm Springs Police Department contacted COR/CSD. COR/CSD worker, Defendant Koumay Yang, was assigned to the case. Koumay contacted Maria and informed her that they would take Mileena and Damion away unless she filed a restraining order against Plaintiff.

30. On May 30, 2013, by Koumay's warning and instruction, Maria went to court in Indio to file a restraining order, using a fabricated story about the May 28, 2013 altercation, which interestingly did not match up with the statement she gave the police on May 28, 2013.

31. The court granted Maria the restraining order, but Maria never served the restraining order on Plaintiff. However, Maria gave Koumay a copy of the restraining order. Koumay then advised Maria to stay away from Plaintiff lest she wanted COR/CSD to take Damion and Mileena away from her.

32. Thereafter, Maria informed Koumay twice that the May 28, 2013 altercation did not happened the way she described it happened in her restraining order statement. Nevertheless, despite Maria's admission of fabricating statements in order to harm Plaintiff, Koumay refused to change course or allow Plaintiff access to his daughter, Mileena.

33. More shockingly, Koumay advised Maria to stick with her story in her restraining order, even if it was not the truth, because she would be prosecuted for perjury.

34. Maria stayed with her mother and sister and not in the home she shared with

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Plaintiff, out of fear that continuing to stay at her shared home would make it more likely that COR/CSD would take her children.

35.    On May 31, 2013, Plaintiff was released from jail as no charges were filed against him.  In all, Plaintiff was detained from Tuesday, May 28, 2013 to Friday, May 31, 2013, more than forty-eight (48) hours without cause.  This was done in violation of <u>County of Riverside v. McLaughin</u>, 500 U.S. 44 (1991), in which individuals arrested without a warrant, such a Plaintiff in this case, must know the probable cause for their arrest from law enforcement officials within 48 hours.

36.    On that same day, May 31, 2013, Maria went back to Indio court where she was informed that she could return home with the kids.

37.    On June 20, 2013, Maria returned home.

38.    On June 27, 2013, Plaintiff and Maria were served a notice to appear in court on July 2, 2013 regarding a hearing to terminate parental rights.

39.    On July 1, 2013, Koumay filed a Detention Report in preparation for the July 2, 2013 hearing.  In that Detention Report, among many things, Koumay specifically singled out Plaintiff and stated that there were "no reasonable means by which (Mileena's) physical health may be protected without removing the child…from the physical custody of the parent, (Plaintiff) Tore Andersen."  The Detention Report stated that the May 28, 2013 altercation between Maria and Plaintiff started when Plaintiff "threw the mother to the ground", which was not true.  The Detention Report also requested that Damion and Mileena remain with Maria and that "a Temporary Restraining Order be made protecting the mother, (Maria), and the children, (Damion and Mileena), from (Plaintiff)."

40.    On July 2, 2013, Plaintiff and Maria went to court.  At the hearing, Koumay lied to the court, stating that Maria had been staying at their shared home since the altercation on May 28, 2013.  Koumay also misinformed the court that Plaintiff had a long history of violence, though his criminal history and records were spotless.  Koumay represented that Damion was scared of Plaintiff and perplexingly testified that Plaintiff had neglected Mileena's basic need for

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

food and a home, despite the fact that Plaintiff had always provided his family with a home and with more than basic necessities to live off of. Koumay also represented that Plaintiff was a severe physical danger to both Mileena and Damion, and that Plaintiff had punched Damion and strangled Maria, which were simply more lies. In the end, Commissioner Lawrence P. Best presiding ordered that COR/CSD immediately remove Mileena from both Maria's and Plaintiff's custody. Mileena was removed that same day.

41.     On July 13, 2013, Koumay filed a case plan detailing the parents' path to regaining custody of their children, which was approved by the court.

42.     Around mid-August 2013, Defendant Sheri Boyd was assigned to the case because Koumay went on maternity leave. From then on, Koumay was no longer working on the case to Plaintiff's knowledge.

43.     Within a month, on September 20, 2013, Plaintiff lodged a written complaint to Sandi Bullen ("Sandi"), a COR/CSD Supervisor, against Sheri's handling of his case. Plaintiff complained that Sheri was non-cooperative with him and failed to take phone calls or return voice messages. In the times that Plaintiff was able to speak to Sheri, Sheri would be unnecessarily rude and threatening to Plaintiff by continually threatening to take his children away or shut down communication with him. Sheri also failed to timely prepare a referral phone call for Plaintiff and Maria to conduct joint counseling, despite court orders for "immediate referrals for conjoint counseling for parents". By that time, Plaintiff and Maria completed all their classes and requirements before getting Mileena back, save for the conjoint counseling session, which was their last requirement and in which Plaintiff and Maria were waiting to Sheri to handle. Sheri also admitted that she had not even read through his case a month after being assigned to it. Sandi then spoke to Plaintiff shortly after receiving his written complaint, and then had Sheri finally make the referral for conjoint counseling.

44.     On September 28, 2013, Plaintiff had to file another written complaint to Sandi for Sheri's lack of attention to his case. Specifically, Plaintiff and Maria had still not received any information about the unsupervised overnight and weekend visits they would be entitled to,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

which the court authorized in August 2013.  Sheri promised to visit their home but failed to follow through.  Sheri had not contacted any of the workers from the classes that he and Maria were taking in accordance with the case plan.  Plaintiff also had his individual counsel reach out to Sheri, after several calls and unanswered voice messages, but Sheri continued to fail to show any reasonable effort or interest in what Plaintiff's individual counselor had to say.  Plaintiff then asked that Sheri be removed from their case and be assigned another social worker instead.

45.    On October 9, 2013, Plaintiff filed another written complaint to a different COR/CSD supervisor after Sandi suddenly stopped responding to Plaintiff, including four (4) voice messages and a faxed letter were not responded to.  Plaintiff complained that he and Maria should have already gotten unsupervised visits with Mileena up to a month ago, as they have been following the case plan to the letter and taken all classes as soon as they became available. Plaintiff and Maria's individual counselors have both sent Sheri evaluation letters, but Sheri continually failed to respond.  Sheri was supposed to have completed their evaluation more than a month ago.  Sheri also does not answer calls from Mileena's grandmother, who had the right to see Mileena once a month, and who left Sheri multiple voice messages asking to visit her granddaughter that were never returned.  Plaintiff reiterated his request that Sheri be taken off the case and the matter reassigned to a different, but competent, social worker.

46.    Finally, on January 21, 2014, Plaintiff and Maria were given custody of Mileena.

47.    However, on February 19, 2014, COR/CSD and Sheri requested that their case remain open for another six (6) months, which the court granted.

48.    Things were going well until July 8, 2014, in which another altercation erupted between Maria and Plaintiff in their kitchen home.  Maria was displeased with how Plaintiff was feeding Mileena and began screaming profanities at Plaintiff and pushing him.  When Plaintiff ignored Maria's attempts to instigate another fight, and refused to engage or confront her, especially with the May 28, 2013 altercation and aftermath firmly ingrained in his mind, Maria became more enraged.  Maria then went to the stove, took a boiling pot of spaghetti pasta, and swung it in Plaintiff's direction, yelling "Look what you did, you fucker!"  Maria then began

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

punching Plaintiff repeatedly.  Plaintiff held up his arm in defense and did not hit Maria back.  Maria seemed to be angrier the more Plaintiff refused to fight back, and began kicking him in addition to punching him.  Plaintiff kept pushing Maria away with the palms of his hands in an effort to keep her at a distance, until Maria bit Plaintiff's hand.  Plaintiff then attempted to hold Maria down so that she could stop hurting him.  It became apparent to Plaintiff that Maria had no intention of stopping her onslaught, so Plaintiff let Maria go, ran to get Mileena from Maria's way, took Mileena to the bedroom, and locked the door behind him.  Maria then laughed at and threatened Plaintiff through the door, saying things like Plaintiff "got something coming" to him.  Plaintiff attempted to play house with Mileena to try to distract Mileena from Maria's screaming and from what just occurred, but Mileena was saying things such as "Mommy hit" and "hit pow pow bad."

49.	On July 11, 2014, to Plaintiff's shock and surprise, COR/PSPD served Plaintiff with a temporary restraining order and informed him that he only had five (5) minutes to get out of his house, which Plaintiff complied.  Once again, Maria fabricated stories in order to get Plaintiff into trouble.

50.	On July 31, 2014, Plaintiff and Maria attended the hearing regarding Maria's latest temporary restraining order.  Plaintiff presented photos of his bite marks, bruises, and injuries to the court, proving Maria's statements to be false.  Maria tried lying to the court by saying Plaintiff's pictures were from the May 28, 2013 altercation.  The court did not believe Maria, as the pictures of Plaintiff's injuries from the May 28, 2013, presented to the court, were clearly not the same as the ones he had just presented.  Maria then rehashed her previous false story from May 28, 2013 and tried to apply that to the July 8, 2014 incident, despite the fact that she already admitted that story to be false in the past.  In the end, the court granted both Plaintiff and Maria restraining orders against each other.  The court did not grant Maria's request that Plaintiff be restrained from Mileena and for spousal and child support.  Plaintiff's restraining order against Maria expires on July 30, 2019 and includes a one hundred (100) yard stay away order.

51.	On August 1, 2014, Plaintiff filed for divorce against Maria.

52.     On or about August 2, 2014, Plaintiff received a voicemail from Sheri, informing him to show up in court on August 18, 2014.

53.     On August 5, 2014, Plaintiff went to the COR/CSD office and personally handed Sheri all of the pictures of his injuries from the July 8, 2014 incident, a recording of Maria slamming a door at Mileena's face, Plaintiff's restraining order granted against Maria, and three (3) witness statements from friends and neighbors attesting to Plaintiff's innocence and Maria's transgressions.

54.     On August 18, 2014, Sheri appeared before the court and recommended full physical custody of Mileena, and clearly disregarded all of the evidence Plaintiff provided to her. Sheri also misinformed the court that Maria's restraining order against Plaintiff included that Plaintiff was to stay away from Mileena.

55.     Sheri withheld most, if not all, of the evidence against Maria.   Sheri never mentioned the fact that Plaintiff also was granted a restraining order against Maria.  In all, Sheri believed and supported Maria without any fair or objective consideration for Plaintiff whatsoever.

56.     On September 4, 2014, Plaintiff personally delivered a written complaint against Sheri to Sheri's supervisors, his fourth (4th) such written complaint to date.  Plaintiff reiterated his request to be reassigned a different, competent social worker.  Plaintiff complained how Sheri suppressed all of the evidence he presented to her from the court on August 18, 2014, including the restraining order he was granted against Maria.  Plaintiff continued by citing the numerous times that Sheri failed to communicate with him, the fact that Sheri only interviewed Maria as to the household finances, and claimed that Plaintiff failed to benefit from the classes despite the fact that Plaintiff had only been receiving positive feedback from class facilitators.   Plaintiff complained about an incident in which Plaintiff shared with Sheri evidence of Maria yelling, cursing, making racist remarks, and slamming a door in Mileena's face, to which Sheri simply asked: "Is it a habit for you to record your wife?"   Plaintiff also cited his belief that Sheri discriminated against him because of his gender as a male in favor of Maria, who is a female.  In sum, Plaintiff wrote: "To this day, Miss Boyd still refuses to include the evidence against the

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

mother in her report.  She keeps making up fabrications against me instead, to make a false impression of me, as a perpetrator, and the mother as a victim.  Clearly reality is the other way around, but Miss Boyd does not concern herself with truth or evidence."  Plaintiff's letter concluded with plea to have COR/CSD do something about this, stating "my daughter is now suffering because of (Sheri's) incompetence."  Plaintiff's complaints would later prove to have fallen on deaf ears once again.

57.    On September 18, 2014, Sheri once again reiterated her unfair recommendations to have Maria be given full custody, which the court granted.  Sheri went on to add fabrications to the report, claiming, for example, that Plaintiff had been seen waiting in his car outside the couple's former apartment in Palm Springs and putting mail in Maria's mailbox, despite the fact that Plaintiff had been living and working in San Diego at the time alleged.

58.    Nevertheless, this last hearing closed COR/CSD's case with Plaintiff and his family, and Mileena was released to Maria shortly thereafter.

59.    On September 19, 2014, Plaintiff and Maria attended a court hearing in which both he and Maria were equally recommended, but not required, to take a fifty-two (52) week domestic violence class.  Plaintiff signed up but Maria testified that she did not have the money or means to take the class, which further discredits Sheri's recommendation that Maria was an able financial provider for Mileena and that Plaintiff was not.

60.    Since COR/CSD closed the case on September 19, 2014, Mileena has been living with Maria.  Maria had full physical custody of Mileena.

61.    On October 27, 2014, Plaintiff and Maria participated in mediation in which the court ratified an agreement to grant Plaintiff and Maria joint physical and legal custody of Mileena.  Plaintiff and Maria have been sharing time equally with Mileena since then.

62.    As a result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety and general damage to his psyche, to such an extent as to cause physical manifestations of pain, and suffered symptoms of headaches, an inability to focus, and feelings of severe frustration and anger.  The incident also caused humiliation and embarrassment and loss of

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

reputation in the community to Plaintiff, and is likely to cause the incursion of therapy and/or counseling fees in the future as well as expenses related thereto.

63.    The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff.  As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

### FIRST CAUSE OF ACTION

*Violation of Civil Rights Under 42 U.S.C. 1983*

*14th Amendment – Initial and Continued Detention*

*Against Defendants COR/CSD, KOUMAY, and SHERI*

64.    Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

65.    COR/CSD and individual employees, KOUMAY and SHERI, violated Plaintiff's right to familial association under the 1st Amendment of the United States Constitution, with regard to the warrantless removal of Mileena from the care, custody, and control of her father, Plaintiff.

66.    Plaintiff re-alleges the removal and continued detention of Mileena from Plaintiff's case, custody, and control was undertaken without consent, probable cause, a protective custody warrant, or exigent circumstances justifying removal and continual detention and without having performed a reasonable investigation or seeking less intrusive means.

67.    Plaintiff re-alleges that Defendants COR/CSD, KOUMAY, and SHERI continually, repeatedly, and unfairly refused to conduct a competent, fair, and objective investigation and evaluation of Plaintiff's fitness to retain custody of Mileena.

68.    Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

69.     The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff.  As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

**SECOND CAUSE OF ACTION**

*Violation of Civil Rights Under 42 U.S.C. 1983*

*14th Amendment – Initial and Continued Detention*

*Against Defendant COR/PSPD*

70.     Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

71.     On May 28, 2013, police officers working for Defendant COR/PSPD arrested and detained Plaintiff under the threat of loss of life or injury while being armed with weapons.

72.     Plaintiff was actually harmed in that Defendant held Plaintiff in county jail without cause between Tuesday, May 28, 2013 to Friday, May 31, 2013, which was more than 48 hours.

73.     Defendant's conduct was the cause of Plaintiff's harm.

74.     Plaintiff contends that Defendant took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

75.     The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff.  As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

///

///

///

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**THIRD CAUSE OF ACTION**

*1ˢᵗ Amendment – Interference with Familial Relations*

*Against Defendants COR/CSD, KOUMAY, and SHERI*

76.     Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

77.     Plaintiff asserts a claim for a violation of Plaintiff's rights under the 14th Amendment to the United States Constitution, against Defendants COR/CSD, KOUMAY, and SHERI, for the removal and continued detention of Mileena in violation of Plaintiff's 14ᵗʰ Amendment rights of familial association.

78.     This claim for continued detention is for the period from Mileena's removal from Plaintiff's care, control, and custody on July 2, 2013 to October 27, 2014 when joint physical and legal custody were granted to Plaintiff and Maria.  This claim for continued detention is premised on the repeated use of false evidence, failure to properly investigate, misrepresentations, failure to provide an opportunity to present the matter before, and the exclusion of exculpatory evidence to the juvenile dependency court, which Plaintiff contends and alleges was used as the means of accomplishing the continued detention of Mileena apart from Plaintiff.

79.     These Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

80.     Defendants did not at any time reasonably consider, implement, or attempt, any aspect of the "reasonable efforts" required by California law, requirements under federal law and/or regulations regarding social work in the area of child protection after removal from a parent or guardian and this conduct is also a result of the deliberate indifference to the rights and safety of parents and children evidenced by the failure to train, or failure to train adequately, those employees such as the employee defendants herein of COR/CSD.

81.     Such laws and regulations include, inter alia, California Welf. Inst. Code §§ 305, 306, and 309, Title 31 Regulations 31.25, 31.125.221 and 31.125.222, federal law as established by the 9ᵗʰ Circuit and United States Supreme Court, that require a social worker do a reasonable

and diligent investigation and make reasonable efforts and consider reasonable alternatives to not remove and instead continue a child in the home of his/her parent(s) as the least damaging alternative to social services intervention of any kind by, inter alia, COR/CSD. No such reasonable efforts were made in this matter.

82. The individual Defendants fabricated evidence, failed to properly investigate, signed reports and other documents under the penalty of perjury, and/or otherwise interfered with the due process rights of Plaintiff in violation of the 5th and 14th Amendments to the United States Constitution and deliberately and maliciously interfered with the Plaintiff's rights to Familial Association.

83. Defendants conspired to interfere with and violate the civil rights of the Plaintiff, as set forth under 42 U.S.C. § 1983, including violations of the Plaintiff's rights found in the 14th Amendment of the United States Constitution, by, inter alia, acting and conspiring to force Plaintiff to relent to their demands, by retaliating against Plaintiff for exercising his freedom of speech in protesting Defendants' unlawful activities as indicated herein, and by removing, detaining and continuing to detain, the person and/or physical and legal custody of Mileena from the care, custody, and control of her father, Plaintiff, without proper or just cause and/or authority; without court order, by the use of intimidation, coercion and duress and by using false and fabricated evidence and testimony and failing to provide exculpatory evidence, during the investigation and initiation and pendency of the dependency in violation of and interference with Government Code §820.21 and the Plaintiff's constitutional liberty interests under the 1st Amendment, his fundamental rights to familial association, and due process under the 14th Amendment and in violation of 4th Amendment rights against unreasonable searches and seizures.

84. Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

///

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

85.     The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff.  As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

## FOURTH CAUSE OF ACTION

### *5th and 14th Amendment – Violation of Procedural and Substantive Due Process Against Defendant COR/PSPD*

86.     Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

87.     On May 28, 2013, COR/PSPD prepared a police report, which was shockingly and overwhelmingly more aligned with Maria's testimony than Plaintiff's.  The police did not provide an accurate police report of the altercation, left about half of Plaintiff's statements out of the report, and went so far as to fabricate facts into their report that did not comport with what the parties told them in order to justify their arrest of Plaintiff.  For example, the police actively omitted crucial pieces of testimony from their report, such as the fact that Maria picked up the barstool in an effort to cause physical harm upon Plaintiff.

88.     It became clear to Plaintiff that the police were not acting objectively and chose to side with Maria and her son, Damion, to Plaintiff's detriment.

89.     COR/PSPD then arrested Plaintiff and detained him in county jail from May 28, 2013 to May 31, 2013 without cause.

90.     Defendant's actions caused a snowball effect in which, in cooperation with COR/CSD, Plaintiff was deprived of the opportunity to properly fight for custody of his daughter, Mileena from May 28, 2013 to October 27, 2014.

91.     As a result of Defendant's actions, Plaintiff was never given a fair opportunity to retain and maintain custody of his daughter, Mileena.  Defendant's actions deprived Plaintiff of his due process rights under the 5th and 14th Amendments and in violation of 4th Amendment rights against unreasonable searches and seizures.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

92.     Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

93.     The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff. As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

## FIFTH CAUSE OF ACTION

### *5th and 14th Amendment – Violation of Procedural and Substantive Due Process*
### *Against Defendants COR/CSD, KOUMAY, and SHERI*

94.     Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

95.     Defendants COR/CSD, KOUMAY, and SHERI continually, repeatedly, and unfairly refused to conduct a competent, fair, and objective investigation and evaluation of Plaintiff's fitness to retain custody of Mileena. Each Defendant was responsible for failing to give Plaintiff's testimony and evidence proper weight in considering his ability to care for his daughter. In multiple instances described in this Complaint, these Defendants simply failed to communicate with or cooperate with Plaintiff.

96.     As a result of these Defendants' actions, Plaintiff was never given a fair opportunity to retain and maintain custody of his daughter, Mileena. These Defendants' actions deprived Plaintiff of his due process rights under the 5th and 14th Amendments and in violation of 4th Amendment rights against unreasonable searches and seizures.

97.     Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

98.     The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff. As a result

1    of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the

2    individual Defendants' wrongful acts for the purposes of punishing said Defendants.

## SIXTH CAUSE OF ACTION

### *Violation of Civil Rights Under 42 U.S.C. 21 - Gender Discrimination*

### *Against Defendant COR/PSPD*

99.     Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

100.    On May 28, 2013, COR/PSPD prepared a police report, which was shockingly and overwhelmingly more aligned with Maria's testimony than Plaintiff's.  The police did not provide an accurate police report of the altercation, left about half of Plaintiff's statements out of the report, and went so far as to fabricate facts into their report that did not comport with what the parties told them in order to justify their arrest of Plaintiff.  For example, the police actively omitted crucial pieces of testimony from their report, such as the fact that Maria picked up the barstool in an effort to cause physical harm upon Plaintiff.

101.    It became clear to Plaintiff that the police were not acting objectively and chose to side with Maria and her son, Damion, to Plaintiff's detriment.

102.    COR/PSPD then arrested Plaintiff and detained him in county jail from May 28, 2013 to May 31, 2013 without cause.

103.    Defendant's actions caused a snowball effect in which, in cooperation with COR/CSD, Plaintiff was deprived of the opportunity to properly fight for custody of his daughter, Mileena from May 28, 2013 to October 27, 2014.

104.    It is Plaintiff's belief that the police gave greater deference to Maria over Plaintiff because of Plaintiff's gender (male) as opposed to Maria's (female).  As a result of this discrimination, Defendant's actions deprived Plaintiff of his due process rights under the 5th and 14th Amendments and in violation of 4th Amendment rights against unreasonable searches and seizures.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

105. Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

106. The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff. As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

## SEVENTH CAUSE OF ACTION

### *Violation of Civil Rights Under 42 U.S.C. 21 - Gender Discrimination*
### *Against Defendants COR/CSD, KOUMAY, and SHERI*

107. Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

108. Defendants COR/CSD, KOUMAY, and SHERI continually, repeatedly, and unfairly refused to conduct a competent, fair, and objective investigation and evaluation of Plaintiff's fitness to retain custody of Mileena. Each Defendant was responsible for failing to give Plaintiff's testimony and evidence proper weight in considering his ability to care for his daughter. In multiple instances described in this Complaint, these Defendants simply failed to communicate with or cooperate with Plaintiff.

109. It is Plaintiff's belief that these Defendants simply gave greater deference to Maria over Plaintiff because of Plaintiff's gender (male) as opposed to Maria's (female). As a result of Defendants' discrimination, Defendants' actions deprived Plaintiff of his due process rights under the 5th and 14th Amendments and in violation of 4th Amendment rights against unreasonable searches and seizures.

110. Plaintiff contends that these Defendants took these actions, acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

111.   The individual and municipal Defendants' wrongful conduct as herein alleged was intentionally done with malice and with conscious disregard for the rights of Plaintiff.  As a result of their despicable conduct, Plaintiff is therefore entitled to recover punitive damages from the individual Defendants' wrongful acts for the purposes of punishing said Defendants.

## EIGHTH CAUSE OF ACTION

### *Violation of Civil Rights Under 42 U.S.C. 1983- Monell Claim*

### *Against Defendant COR/CSD*

112.   Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

113.   COR/CSD, established and/or followed policies, procedures, customs and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiff's constitutional rights, including those under the First, Fourth and Fourteenth Amendments, by, but not limited to:

a.   the policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious bodily injury), court order and/or consent;

b.   the policy of removing children from the care of their family and from their homes without first obtaining a warrant when no exigency exists;

c.   the policy of removing and/or detaining children from their parent(s) during dependency proceedings without any basis or reasonable cause;

d.   the policy of examining children without exigency, need, or proper court order and without the presence of their proper custodian and/or guardian; the policy of removing and detaining children and not returning them, beyond a reasonable period after the basis for detention has been negated;

e.   the policy of using trickery, duress, fabrication and/or false testimony or

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

evidence and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the court causing an interference with Plaintiff's rights, including those as to familial relations and injuring and harming them; and

f.      by acting with deliberate indifference to implementing a policy of inadequate training and/or by failing to train its officers, agents, employees and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings;

g.      a policy authorizing and or ratifying without threat of discipline or reprimand, the repeated removal of children from their parents or guardians without a warrant, consent, or imminent risk of serious bodily injury to a children] such that would justify or make lawful the removal of the child;

h.      a policy authorizing or ratifying without threat of discipline or reprimand, the inclusion of false statements, half-truths and misrepresentations in reports given to the juvenile dependency court, as well as the intentional failure to include information which is exculpatory to the proposition that detention of the children is necessary for their protection;

i.      a policy authorizing or ratifying without threat of discipline or reprimand, the inclusion of allegations denoted in the Welfare & Institutions Code by alpha's "a" through "m," that are of a more severe substantive nature in terms of potential consequences to the continuation of the parent-child relationship, so that parents will be compelled to agree to lesser allegations with lesser consequences to the continuation of the parent-child relationship rather than contest the necessity of juvenile dependency court jurisdiction and the continued involvement of COR/CSD in Plaintiff's life.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

(This list is not exhaustive due to the pending nature of discovery and the protected records of investigative and juvenile dependency type proceedings.)

114.    COR/CSD owed a duty to Plaintiff at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the 1st, 4th, and 14th Amendments; to use reasonable care to select, supervise, train, control and review the activities of all of their agents, officers, employees.

115.  COR/CSD breached its duties and obligations to Plaintiff by, but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting the individual social worker defendants, including KOUMAY and SHERI, and DOES 1 through 10, inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged. Plaintiff is informed and believes and thereon alleges, that the COR/CSD has no training, or inadequate training, on:

a.    the scope, nature and importance of the 14th Amendment based rights of familial association, including not only the right to raise and care for one's child without unreasonable government interference;

b.    the nature, extent and duration of psychological and emotional damage caused to children and parents by the unlawful and/or unreasonable intervention of government actors acting under the guise of protecting children, including but not limited to;

i.    the baseless, unreasonable, unlawful removal of children from their parents;

ii.    the inclusion of false and misleading statements in juvenile, police, and/or juvenile court reports, as well as;

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

iii.   failing to include exculpatory and/or mitigating information in juvenile dependency court reports, in an effort to portray the parents, child, and circumstances in a false light in order to influence a court to retain custody of children; and

iv.   the use of threats, intimidation and coercion to force parents to waive their rights, including threats of the removal of children and including unfavorable and false statements, as well as misrepresentation of facts (i.e. "half-truths") in reports submitted to juvenile dependency court judges for the purpose of insuring and continuing the separation of family members to their detriment and in violation of their rights under both state and federal law.

v.   the legislative reasoning behind protective custody warrants, the existence of protective custody warrants and the use of protective custody warrants pursuant to California law specifically and the use of warrants generally when considering the removal of children from their parents/caretakers that are not at imminent risk of serious bodily injury and - the existence and relevance of federal laws and precedent on the removal of children from their parents / guardians in the context of an investigation of a child abuse or neglect referral.

116.   Plaintiff is informed and believes and thereon alleges that it is the policy, practice and/or custom of COR/CSD to set forth allegations in Juvenile Dependency Petitions against parents claiming violations of Welfare and Institutions Code § 300(b), regardless of whether or not there is reasonable and articulable evidence to support the claims stated and that the conduct alleged herein is not an isolated incident of which the COUNTY OF RIVERSIDE is unaware.

/ / /

/ / /

117.  COR/CSD knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would cause Plaintiff to be injured and damaged by the wrongful acts and omissions as alleged herein, that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to Plaintiff.

118.  COR/CSD also provided inadequate and/or non-existent training, including but not limited to: 1) non-existent and/or inadequate training on the 4th and 14th Amendments as same apply in the context of a child abuse investigation that may involve the removal of children from their parent(s); 2) the existence and/or use of protective custody warrants provided for under California law; 3) the emotional trauma and psychological damage to a child from removal; 4) the clearly established law of this federal circuit on the issues of warrantless removals, exigency, least intrusive means and the proper investigation before removal of a child; 5) state law applicable to juvenile dependency proceedings and the reunification of children with their parents and/or avoidance of removal entirely.

119.  The aforementioned policies, practices, customs and procedures and lack of training and/or inadequate training and discipline as stated and shown above, were the moving force and/or substantial factor in bringing about the constitutional deprivations complained of by Plaintiff herein.

/ / /

/ / /

/ / /

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**WHEREFORE,** PLAINTIFF respectfully prays that this Honorable Court grant the following relief as to each of the Causes of Action stated above:

1.  For general damages according to proof at trial on each cause of action for which such damages are available;

2.  For special damages according to proof on each cause of action for which such damages are available;

3.  For damages attributed to emotional distress, pain, and suffering according to proof at trial on each cause of action for which such damages are available;

4.  For compensatory damages according to proof on each cause of action for which such damages are available;

5.  For punitive damages according to proof at trial on each cause of action for which such damages are available;

6.  For lost income, past and future income, according to proof at trial on each cause of action for which such damages are available;

7.  For medical, future medical, rehabilitation, and related expenses, according to proof at trial on each cause of action for which such damages are available;

8.  For reasonable attorney fees incurred in this action;

9.  For costs of suit incurred in this action;

10. For such other relief as the Court deems proper and just; and

11. Any and all further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 28, 2015          LAW OFFICES OF VINCENT W. DAVIS & ASSOC.


/s/ Rovee Pruna
VINCENT W. DAVIS, ESQ.
ROVEE VANDERBILT PRUNA, ESQ.
ATTORNEY FOR PLAINTIFF

## **DEMAND FOR TRIAL BY JURY**

PLAINTIFF hereby demands a jury trial under Federal Rule of Civil Procedure 38 and Central District of California Rule 38-1.

Respectfully submitted,

DATED: May 28, 2015          LAW OFFICES OF VINCENT W. DAVIS & ASSOC.

/s/ Rovee Pruna
VINCENT W. DAVIS, ESQ.
ROVEE VANDERBILT PRUNA, ESQ.
ATTORNEY FOR PLAINTIFF

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454